FREELAND v. SOUTHERN RY.

1. NEW TRIAL—CHARGE.—When a Judge charges the general law applicable to a case and party did not request charge of specific proposition of law, this Court cannot grant new trial for failure of Judge to charge such specific propositions.

2. MALICE.—IN ACTIONS FOR MALICIOUS PROSECUTION, it is necessary to show express malice—that is, intent to injure the plaintiff.

3. PLEADINGS—EVIDENCE—MALICIOUS PROSECUTION.—Under allegation in action for malicious prosecution of no probable cause, after evidence by plaintiff that articles for which he had been prosecuted for receiving as stolen property were bought by him of defendant's agents, defendant, under denial, may show that such articles had been stolen from it.

Before PURDY, J., Greenville, April, 1903.   Affirmed.

Action by A. P. Freeland against Southern Railway Company.   From judgment for defendant, plaintiff appeals .

*Messrs. Jas. I. Earle* and *C. J. Hunt,* for appellant, cite: *What plaintiff must show:* 1 N. & McM., 36, 278; 2 N. &

McM., 54, 143; 3 McC., 461; 4 McC., 354; Harp., 313.
*What is probable cause and how shown:* 1 Hill, 82; Cheves,
32; 1 McM., 358; 2 McM., 270; 3 Strob., 307, 557, 576; 9
Rich., 204. *As to proof of malice and damages:* 2 Hill,
499; 7 S. C., 224; 16 S. C., 387, 575; 9 Rich., 423; 4 Waits
Act. & Def., 345; 1 Green. Ev., sec. 87; 47 S. C., 148.
*What answer must contain:* 15 S. C., 458; Code, 172; 20 S.
C., 514; 27 S. C., 621.

*Mr. T. P. Cothran,* contra (oral argument).

February 11, 1905. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The plaintiff, A. P. Freeland,
alleged as his cause of action that the defendant, Southern
Railway Company, had, with the malicious intent to injure
him, and without probable cause, instituted a prosecution
against him on the charge that he had bought railroad brass
stolen from the Southern Railway Company, knowing it to
be stolen, and that on this charge he was tried and acquitted.
At the close of the evidence offered on behalf of plaintiff,
a motion for nonsuit was made and refused. The verdict
was for the defendant. Plaintiff moved for a new trial on
the ground that the Circuit Judge had erred in failing to
charge a number of propositions of law, which were set forth
at length, and in charging, "In actions for malicious prosecu-
tion, the plaintiff is required to show express malice on de-
fendant's part—that is, an intent to injure the plaintiff."
The motion was refused.

We consider first the appeal from the order refusing a new
trial. Inasmuch as the Circuit Judge made a charge cover-
ing the general law applicable to the case, and the plaintiff
did not request him to charge any of the propositions
of law submitted in his motion for a new trial, it is
obvious this Court could not grant a new trial be-
cause of the Court's failure to submit to the jury specific

propositions which it had no means of knowing the plaintiff wished submitted.

It is settled in this State that in actions for malicious prosecution it is necessary to show express malice—that is, intent to injure the plaintiff. *Frierson* v. *Hewitt,* 2 Hill, 499; *Willis* v. *Knox,* 5 S. C., 476. It is true, in *Hogg* v. *Pinckney,* 16 S. C., 398, the expression of Judge O'Neall in *Frierson* v. *Hewitt,* on the subject, was said to be a mere *obiter dictum;* but the authority of *Willis* v. *Knox, supra,* was recognized in *Hogg* v. *Pinckney,* and in distinguishing actions for malicious prosecution from those for malicious arrest under bail process, the reason for the rule above stated was discussed. The term express malice used in this connection means malice towards the particular person who was prosecuted, as distinguished from that malice which the law implies from an act done without legal excuse, which he who does it well knows will in all probability produce injury to some human being, though express ill-will to the person injured may be actually disproved.

All the other exceptions charge error in the admission of testimony tending to prove the theft of brass and other articles from the shop and cars of the defendant like those found in a box shipped by plaintiff; the plaintiff's position being that "this testimony tended to establish a special defense of which the plaintiff was not advised by the answer and is not relevant to the issue." When the plaintiff alleged there was no probable cause for the prosecution and defendant denied this allegation, one of the vital issues was made up. The defendant undertook to show want of probable cause by testifying that the brass alleged to have been stolen and other articles used by railroads found in his possession, had been purchased by him from the agents of the railroad company. It is quite clear that evidence tending to prove that these articles and articles like them had not been sold, but had been stolen from defendant, was relevant to the issue of probable cause.

The exceptions of the plaintiff are overruled.

As the verdict was for defendant, it is unnecessary to consider whether the Circuit Judge erred in refusing the motion for a nonsuit.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.